UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

RUTH E. HICKS,

     Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD. d/b/a
ROYAL CARIBBEAN GROUP,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, RUTH E. HICKS, is a citizen of the state of Texas.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. d/b/a Royal Caribbean Group (at times "Royal Caribbean"), is a foreign entity incorporated in the Republic of Liberia, which its principal place of business in Miami, Florida.

3. This matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

c.   Operated vessels in the waters of this state;

d.   Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f.   Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

5.   At all times material hereto, Defendant is subject to the jurisdiction of the courts of this state.

6.   The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7.   At all times material hereto, Defendant owned, operated, managed, maintained, controlled and/or had exclusive custody of the vessel, *Mariner of the Seas* ("the vessel").

8.   On or about April 10, 2025, Plaintiff was a paying passenger aboard the vessel, which at all times material Defendant operated in navigable waters.

9.   On or about the afternoon of April 10, 2025, the Plaintiff was in her cabin for the first time after just embarking on the vessel and was trying to enter the restroom, when she suddenly and unexpectedly tripped and fell on the ledge and/or change in level and/or step and/or threshold of the bathroom, thereby sustaining severe injuries.

10.   The ledge and/or change in level and/or step and/or threshold of the bathroom was not open and obvious to the Plaintiff prior to this incident, not known to the Plaintiff or reasonably

communicated to the Plaintiff by Defendant at the time of the incident and there was nothing the Plaintiff could have done to prevent her incident.

## DEFENDANT'S NOTICE

11. At all times material hereto, Defendant knew or should have known that it was reasonably foreseeable for passengers to be injured due to the ledge and/or change in level and/or step and/or threshold of the bathroom in the passenger cabins aboard Defendant's vessel, as it occurred on the date of Plaintiff's incident.

12. At all times material hereto, Defendant knew or should have known that it was highly probable for passengers to be injured due to ledge(s) and/or change(s) in level and/or step(s) and/or threshold(s) of the bathroom in the passenger cabins, considering prior incidents occurring on Defendant's vessels. For instance,

    a. On or about November 26, 2023, a passenger (V.W.) sustained severe injuries when she tripped and fell over an unmarked change in level in her stateroom from the main cabin to the bathroom aboard the *Oasis of the Seas* in a claim under Case No. 24-cv-24257.

    b. On or about March 12, 2023, a passenger (J.R.) sustained severe injuries when she tripped and fell on the unmarked change in level and/or unmarked step and/or threshold of the bathroom in her cabin aboard the *Wonder of the Seas* in a claim under Case No. 24-cv-20167.

    c. On or about October 23, 2022, a passenger (D.W.) sustained severe injuries when he tripped on the raised threshold of the bathroom from the stateroom aboard the *Oasis of the Seas* in a claim under Case No. 23-cv-24004.

d.  On or about December 24, 2021, a passenger (S.T.) sustained severe injuries when she tripped and fell on an unmarked change in level in her stateroom from the main cabin to the bathroom aboard the *Allure of the Seas* in a claim under Case No. 22-cv-24095.

e.  On or about October 30, 2018, a passenger (E.F.) sustained severe injuries when she tripped and fell on an unmarked change of level in her stateroom, from the main cabin to the bathroom aboard the *Serenade of the Seas* in a claim under Case No. 19-cv-22478.

13. At all times material hereto, the prior incidents listed above suggest that since at least 2018, Defendant knew or should have known that passengers could suffer severe injury due to the ledge and/or change in level and/or step and/or threshold of the bathroom in the passenger cabins aboard its vessels and thus this knowledge invited corrective measures from Defendant.

14. At all times material hereto, policies and/or procedures and/or industry standards have been implemented for ledge(s) and/or change(s) in level and/or step(s) and/or threshold(s) of the bathroom, and/or hazardous conditions on the floor in the passenger cabins, to warn passengers, like the Plaintiff, of possible dangers. The policies and/or procedures and/or industry standards include, but are not limited to, placing caution signs and/or warning signs of ledges and/or changes in level and/or steps and/or thresholds, placing contrasting flooring, providing flooring in guest cabins that is free of any ledges and/or changes in level and/or steps and/or thresholds, and regularly and frequently monitoring and maintaining the area in a manner that was free of trip-and-fall hazards. Based on the implementation of such policies and/or procedures and/or industry standards, Defendant knew or should have known of possible dangers to avoid, including the injury sustained by Plaintiff in the current matter.

LIPCON, MARGULIES & WINKLEMAN, P.A.

15. Plaintiff is unable to presently determine all of the prior similar incidents which have occurred providing notice to the Defendant, because Defendant regularly resolves cases and requires confidentiality as part of settlements in order to shield the facts and circumstances of prior incidents from publicly available sources. Accordingly, Defendant is orchestrating and is actively involved in concealment of prior incidents which may be substantially similar to the present incident, which may only be determined through discovery in litigation.

**COUNT I – GENERAL NEGLIGENCE AGAINST DEFENDANT**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17. On or about April 10, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

  a. Failure to adequately mark the ledge and/or change in level and/or step and/or threshold to be readily apparent to the Plaintiff and not hidden; and/or

  b. Failure to have adequate handrails at or around the unmarked ledge and/or change in level and/or step and/or threshold; and/or

  c. Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to trip and fall; and/or

  d. Failure to provide a uniform and/or level walking area in the cabin and/or restroom in the cabin in light of the anticipated use of the restroom; and/or

e.  Failure to mark the hazard on the flooring surface so that it was readily apparent to passengers, including Plaintiff; and/or

f.  Failure to make the ledge and/or change in level and/or step and/or threshold flush with the restroom flooring and/or cabin flooring so as to not create a hazardous condition; and/or

g.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of trip-and-fall hazards; and/or

h.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are placed on or around the ledge and/or change in level and/or step and/or threshold; and/or

i.  Failure to analyze prior trip-and-fall incidents aboard Defendant's vessels occurring in the same and/or similar area so as to remedy such hazardous conditions; and/or

j.  Failure to utilize a reasonably safe flooring surface in light of the anticipated purpose of the area; and/or

k.  Failure to correct hazardous condition(s) following prior trip-and-fall incidents on the same or similar flooring in the same and/or similar area.

18. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

19. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-15, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal

injury to Defendant's passengers in the same or substantially similar area.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

20. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to visit.

23. On or about April 10, 2025, the Plaintiff was entering the restroom in her passenger cabin aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

24. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a.  Failure to adequately warn passengers, including the Plaintiff, of the dangers posed by the ledge and/or unmarked change in level and/or unmarked step and/or threshold in her cabin restroom; and/or

b.  Failure to adequately warn the Plaintiff of the existence of trip-and-fall/hazardous condition(s) in the cabin restroom, such as a ledge and/or unmarked change(s) in level and/or unmarked step(s) and/or threshold(s); and/or

c.  Failure to adequately warn passengers and the Plaintiff of any ledge and/or changes in level and/or steps and/or unlevel flooring in the restroom and/or cabin aboard Defendant's vessel; and/or

d.  Failure to warn passengers and the Plaintiff of other incidents previously occurring in the same area and/or same flooring; and/or

e.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the ledge and/or change in level and/or step and/or threshold; and/or

f.  Failure to correct hazardous conditions following prior accidents occurring in the same and/or similar areas.

25. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

26. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-15, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

27. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

28. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

29. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the subject passenger cabin restroom entrance, in a reasonably safe condition.

LIPCON, MARGULIES & WINKLEMAN, P.A.

30. On or about April 10, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to adequately maintain the subject restroom and/or cabin free to trip-and-fall hazards; and/or

b. Failure to adequately and regularly monitor and/or inspect the subject area to determine whether it was free of trip-and-fall hazards; and/or

c. Failure to adequately maintain the subject restroom and/or cabin free of any ledge and/or change in level and/or step and/or threshold; and/or

d. Failure to adequately, timely, and regularly inspect and maintain the subject restroom in a reasonably safe condition, including, but not limited to, in a manner that was free of unmarked ledge(s) and/or change(s) in level and/or step(s) and/or threshold(s); and/or

e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned, and maintained free of trip-and-fall hazards; and/or

f. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the areas near and/or around the subject area in a reasonably safe condition and free of trip-and-fall hazards.

31. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

LIPCON, MARGULIES & WINKLEMAN, P.A.

32. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-15, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

33. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: February 26, 2026

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Elizabeth Irazabal*
**JACQUELINE GARCELL LEWIS**
Florida Bar No. 104358
jgarcell@lipcon.com

- 12 -

**ELIZABETH IRAZABAL**
Florida Bar No. 1010997
eirazabal@lipcon.com